GREMILLION, Judge,
concurs in part and dissents in part.
| tThis medical malpractice action involves the admissibility of the medical review panel’s opinion and the prejudicial effect that panel opinion had on the outcome of a jury trial that resulted in a verdict in favor of the defendants. The majority concludes that the opinion should not have been admitted into evidence. On that point, I concur. However, the majority determines that a de novo review of the record reveals that the jury verdict should be reversed. From that conclusion I dissent.
Louisiana Revised Statute 40:1299.47(G) establishes the sole duty of the medical review panel. The panel is to render an opinion that the evidence does or does not support the conclusion that the defendant or defendants failed to comply with the appropriate standard of care, or that there is a genuine issue of material fact, not requiring expert testimony, for consideration by the court. When the panel deviates from that duty, its opinion may be excluded from evidence. Whittington v. Savoy, 05-1169 (La.App. 3 Cir. 5/31/06), 931 So.2d 1198.
The panel clearly discounted the accounts of injury supplied by the McGloth-lins. In this, the panel deviated from its duty and its opinion should have been excluded.
I disagree that this case should be reviewed de novo. Rather, Whittington v. Savoy, 05-1169 (La.App. 3 Cir. 5/31/06), 931 So.2d 1198, illustrates the manner in which we should proceed. In Whittington, the plaintiff complained of the length of |2the scar she bore following surgery. The panel opined that the length of the scar was immaterial, despite the fact that the length of the scar was the only allegation of malpractice. The trial court admitted the panel opinion into evidence. This court held that the panel exceeded its statutory duty in commenting upon the materiality of the length of plaintiffs scar. Nonetheless, the application of the manifest error standard necessitated affirming the trial court’s judgment.
In the present matter, a review conducted under the manifest error standard would, I believe, result in upholding the findings of the jury. I would affirm the trial court.